## ONTARIO LAND & IMP. CO. v. HOWARD.

° No. 19,336; August 15, 1894.

37 Pac. 465.

**Appeal—Conflicting Evidence.**—A Judgment for plaintiff will not be disturbed where there is a substantial conflict in the evidence, with a clear preponderance in plaintiff's favor.

APPEAL from Superior Court, San Bernardino County; John L. Campbell, Judge.

Action by the Ontario Land & Improvement Company against J. S. Howard to compel defendant to pay a balance due on a contract for the sale of land, or, in default thereof, to foreclose his interest in the land. From a judgment for plaintiff and from an order denying a new trial defendant appeals. Affirmed.

Goodcell & Leonard and E. H. Jolliffe for appellant; Sheldon & Borden and E. M. Hanna for respondent.

SEARLS, C.—On the ninth day of June, 1887, H. L. Macneil and others, as trustees, entered into an agreement in writing with H. C. Parker, by which they agreed to sell to him, and he agreed to buy, a certain piece or parcel of land situate in Ontario, county of San Bernardino, state of Cali-

fornia, designated as "Lot number one (1) in Canyon Ridge Tract of Ontario Colony," together with ten shares of the capital stock of the San Antonio Water Company, for the sum of $2,500, payable in four annual installments of $625 each—one on the execution of the agreement, and the residue in like annual installments—with interest, etc.; said Parker to have possession and deed to be executed on completion of payments. Plaintiff is assignee of Macneil and others, and defendant Howard is assignee of Parker, and agreed to pay purchase money to plaintiff. This action was brought to obtain a decree requiring the defendant to pay a residue of such purchase money within a specified time, or, in default thereof, that his interest in the land be foreclosed. Defendant pleaded want of title in plaintiff.

At the trial it was stipulated, in substance, that a patent from the government of the United States had issued for the rancho Cucamonga, and that plaintiff held under the grantee in said patent. The only question under the stipulation was whether or not the land agreed to be conveyed was within the exterior boundaries of the rancho Cucamonga, as defined in said patent. It was conceded that, if the tract was within the patent, plaintiff had title thereto in fee simple, and was able to convey, and had tendered a good and sufficient deed of conveyance, properly executed, to defendant, which he had refused to accept, or to pay any portion of the money due as the purchase price of the land. The cause was tried by the court, a jury having been waived, written findings filed in favor of plaintiff, upon which a judgment was entered in its favor. The appeal is by defendant, J. S. Howard, from the judgment, and from an order denying a motion on his behalf for a new trial.

The case is plain and simple. Plaintiff, by its testimony, made what may be termed a perfect case; showing, beyond a peradventure, the land to be within the exterior boundaries of the rancho Cucamonga. Defendant introduced testimony tending to show that said land was without the boundaries of the rancho. Taken together, there is a substantial conflict in the evidence, with, as I think, a clear preponderance in favor of plaintiff. Under such circumstances, there being no other question involved, it can subserve no useful purpose

to analyze and discuss the testimony. The judgment and order appealed from should be affirmed.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed,